IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA M. BOWLIN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.08-cv-00750-DGW |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security. ) | |
| ) | |
|     Defendant. | |

**ORDER**

This case is before the Court pursuant to Local Rule 9.1, regarding the disposition of Social Security cases in the United States District Court for the Southern District of Illinois. On October 24, 2008, Plaintiff Melissa Bowlin ("Bowlin") filed this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her applications for a period of disability, Disability Insurance Benefits and Supplemental Security Income under the Social Security Act ("The Act"), 42 U.S.C. §§ 416(I), 423, 1383(c) (Doc. 2).

Pending before the Court is a Motion to Dismiss filed by Michael Astrue, Commissioner of Social Security ("Commissioner") (Doc. 13), Bowlin's Response (Doc. 14), and Commissioner's Reply (Doc. 24). For the reasons stated below, Commissioner's Motion to Dismiss is **GRANTED.**

**PROCEDURAL BACKGROUND**

Bowlin applied for disability insurance benefits and supplemental security income on March 9, 2006 (Doc. 14). The Commissioner denied the claims initially on July 31, 2006, and upon reconsideration on October 27, 2006 (Doc. 13-1). Bowlin filed a timely written request for a hearing before an administrative law judge ("ALJ") on November 6, 2006. *Id.* The ALJ held the hearing on February 20, 2008. *Id.* The ALJ issued a written decision denying Bowlin's claim for benefits on

March 27, 2008. *Id.* Bowlin's request for review by the Appeals Council was denied on August 13, 2008. *Id.* Bowlin commenced this action on October 24, 2008 (Doc. 2).

## LEGAL STANDARD

Judicial review of a final decision on disability claims arising under the Social Security Act is provided for and limited by 42 U.S.C. §405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g). The Commissioner, through regulation, has further interpreted the sixty-day statute of limitations:

> Any civil action ... must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. §422.210(c); *see also Burns v. Heckler*, 619 F.Supp. 355, 358-59 (N.D.Ill.1985). "[T]he 60-day requirement is not jurisdictional, but constitutes a period of limitations that may be tolled by the commissioner or the court if fairness demands." *Sanchez ex rel. Sanchez v. Barnhart,* No. 03-C-537-C, 2004 WL 1005589, at *2 (W.D.Wis. May 4, 2004); *see also Sims v. Comm'r of Soc. Sec.,* No. 01 C 778, 2002 WL 31883061, at *4 (N.D. Ill. Aug.29, 2002) (stating that the sixty-day requirement is a statute of limitation, which is subject to waiver).

## ANALYSIS

The issue before the Court is whether Bowlin filed this lawsuit in a timely manner consistent with the statute of limitations. Bowlin argues that the Commissioner provided improper notice of the

date of the Commissioner's final decision (Doc. 14).  Bowlin further asserts that her complaint was timely filed within sixty (60) days of the date of actual receipt by her attorney, or in the alternative, equitable tolling should apply. *Id.*

Bowlin first argues that the Commissioner's notice to her attorney was defective.  She argues that the notice sent to counsel was dated August 24, 2008.  As evidence she points to the received stamp on the notice dated August 25, 2008.  Bowlin acknowledges that the numeral she construed as a "2" in the notice is not clear.  However, she contends that the Commissioner did not send her counsel an exact copy of the Notice (Doc. 14).

The Commissioner does not dispute that different letters were sent to Plaintiff and her counsel.  Defendant states that the letters are computer generated.  An original is mailed to the claimant, and if the claimant is represented, a copy is mailed annotated "Representative" and does not contain an original signature (Doc. 24)

This Court is instructed by the statute and regulations. The pertinent part of 405(g) states that "[a]ny **individual** ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice . . . ."  Under the regulations, claimants are given 60 days from the date "the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the **individual**, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c) (emphasis added). The Court construes the references to "**individual**" in statute and regulation as evidence of the intention to restrict application of the civil action filing requirements to the claimant.  All computations of time are made from the date of receipt by the claimant. The regulations provide that the time for commencing a civil action is extended to "60 days after the date **you** receive notice of the Appeals Council's action ." 20 C.F.R. § 404.981 (emphasis added). The regulations define "you" as "any person claiming a right under the old age, disability, dependents' or survivors' benefits program," and provides that the "*[d]ate **you** receive notice* means 5 days after the date on the notice,

3

unless **you** show us that **you** did not receive it within the 5-day period." 20 C.F.R. § 404.901 (emphasis added).

Bowlin's argument that her counsel's notice was defective does not comport with the statute or regulations. Bowlin does not assert that she did not receive proper notice, only that the notice to her counsel was defective. The Court is not persuaded. The original notice from the agency was dated August 13, 2008. Thus, to be considered timely, Bowlin was required to file her civil action on or before October 17, 2008. Bowlin filed this action on October 24, 2008 in violation of the statute and regulations, therefore her complaint is time barred.

Additionally, it is clear that equitable tolling of the statute is not appropriate in this case. To support her claim, Bowlin relies on *Bowen v. City of New York*, 476 U.S. 467 (1986). The Court agrees that *Bowen* stands for the proposition that equitable tolling is available to plaintiffs in claims for benefits under the Social Security Act. However, a plaintiff seeking equitable tolling bears the burden of establishing that he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Unfortunately, in the case at bar, Bowlin has not demonstrated that she was acting with the diligence necessary to permit this Court to excuse her failure to file this complaint within the 60-day limitations period prescribed by the Act. Indeed, she argues that the notice sent to counsel had a date stamp that had a clearly legible "AUG" and a "4" but not the numeral before the four. Bowlin's counsel simply assumed that the date was August 24 because it was received by counsel on August 25. Bowlin does not state that she attempted to ascertain the correct date from the agency or made any inquiry about the date. She simply assumed August 24, 2008 to be the date of the notice. Further, Bowlin does not explain why she made this assumption when, according to her, her attorney received the notice on August 25, 2008 which would be the very next day.

Bowlin's argument of defective notice to counsel does not equate to "extraordinary circumstances" that would merit equitable tolling. *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336-

4

37, (2007) (confusion and counsel error in calculating the limitations period falls "far short of showing extraordinary circumstances necessary to support equitable tolling"); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir.2006) (lack of legal expertise no basis for equitable tolling); *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) (litigant's or attorney's mistake or confusion is not extraordinary circumstance). Therefore, Bowlin has failed to present facts demonstrating that equitable tolling should apply in this case.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Commissioner's Motion to Dismiss (Doc. 13). Bowlin's complaint is untimely, and is therefore **DISMISSED with Prejudice**. The Court **ORDERS** the Clerk of Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

**DATED: December 9, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**